# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SHIRLEY SMITH,

    Plaintiff,

v.

CITY OF SANTA MONICA, et al.,

    Defendants.

Case No. CV 17-1442 JGB (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

**FRCP 41(b)**

The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to Court orders.

\* \* \*

1. This is a pro se civil rights action. Plaintiff Smith (a disabled white woman) contends that African-American Santa Monica city bus drivers discriminated against her based on her race and physical condition. After extended motion practice, the Court granted the City's motion to dismiss Plaintiff's First Amended Complaint in September 2017 with leave to amend. (Docket # 20.)

2. Plaintiff filed her Second Amended Complaint in mid-October 2017. (Docket # 21.) The City filed a motion to dismiss the action shortly after that for failure to state a claim. (Docket # 26.)

3. The City noticed the motion for hearing on December 20. Plaintiff did not file any written opposition to the City's motion before the deadline set forth in Local Rule 7-9 (opposition to motion to be filed "not later than twenty-one days before the date designated for the hearing of the motion").

4. On December 4, the Court vacated the hearing and granted the City's unopposed motion to dismiss the Second Amended Complaint. (Docket # 27.) The Court also ordered Plaintiff to show cause why the case should not be dismissed with prejudice for violation of Local Rules 7-9 and 41 (failure to prosecute).

5. Plaintiff did not file any response to the Court's OSC. She has not filed anything with the Court since mid-October 2017.

* * *

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

7. In the present action, the Court finds dismissal is appropriate. Plaintiff did not respond to the City's motion to dismiss (Docket # 26) or the

Court's order to show cause why the case should not be dismissed. (Docket # 27.) The Court gave Plaintiff ample opportunity to do so. Plaintiff's failure to respond to the Court's order demonstrates that she has no interest in advancing the action here.

8. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively abandoned her case by not responding to the motion to dismiss or the Court's order. The Court finds that dismissal is appropriate under Rule 41(b). Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

9. Accordingly, for the above reasons, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: January 7, 2018

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE